**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LYDIA CLADEK,

    Petitioner,

vs.                                        Case No.:    3:16-cv-449-J-32JRK
                                                        3:10-cr-277-J-32JRK

WARDEN,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Lydia Cladek's "Objection to Order of May 15, 2019" and attached exhibits, which the Court construes as a motion for reconsideration under Fed. R. Civ. P. 59(e). (Civ. Doc. 36). On May 15, 2019, the Court dismissed without prejudice Petitioner's pro se Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus. (Civ. Doc. 35). The Court did so because her claims were not cognizable under § 2241, because she had failed to comply with the Court's instructions, and because she indicated she did not intend to comply.[1]

---

[1] On July 11, 2016, the Court ruled that Petitioner's filing was not cognizable under 28 U.S.C. § 2241 because, as a federal prisoner challenging the legality of her conviction and sentence, "this action is properly considered under 28 U.S.C. § 2255." (Civ. Doc. 14 at 1). The Court instructed Petitioner to either (1) notify the Court that she intended to pursue the Petition as a § 2255 motion, (2) amend her claims by filing a § 2255 motion and including any additional claims she wished to pursue, or (3) notify the Court that she wished to withdraw the Petition. (Civ. Doc. 14 at 3). Despite having several opportunities to do so, Petitioner did not comply with these instructions. Ultimately, Petitioner indicated she had no intention of complying with the Court's orders, stating that she would "seek relief from her unconstitutional indictment, conviction and sentence through avenues other than through submission of a Section

1

Although the title of the current motion suggests that Petitioner seeks reconsideration of the order dismissing her § 2241 petition, her motion misses the mark. Petitioner continues to substantively attack her conviction and sentence, but she does not identify an error in the reasons why the Court dismissed her § 2241 petition, that is, Petitioner's non-compliance with the Court's instructions, and ultimately her statement that she did not intend to file a § 2255 motion. Accord Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1362 (11th Cir. 2015) (affirming the dismissal of a prisoner's § 2241 petition; stating that "[t]he district court was not obliged to recast Zelaya's § 2241 petition over his express wishes, especially in light of the adverse consequences that can stem from filing a § 2255 motion."). Thus, Petitioner has not identified a "manifest error[ ] of law or fact," "mistake" or "inadvertence," or "any other reason that justifies relief." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). Accordingly, the motion for reconsideration (Civ. Doc. 36) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of November, 2019.

*[signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

lc 19
Copies:
Counsel of record
Pro se petitioner

---

2255 motion to this Court." (Civ. Doc. 31 at 8). Therefore, the Court dismissed the § 2241 petition without prejudice on May 15, 2019.

2